UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DWAYNE WASHINGTON,

        Plaintiff,

v.

CASE NO. 2:07-CV-15312
HONORABLE GEORGE CARAM STEEH

THOMAS EDWARD JACKSON, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT,
DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.    Introduction**

Anthony Dwayne Washington ("Plaintiff"), a Michigan prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, an application to proceed without prepayment of the filing fee, and a motion for appointment of counsel. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that Wayne County Circuit Judge Thomas Edward Jackson, defense attorneys Earl Washington and Susan Meinberg, and several Michigan Department of Corrections employees have violated his constitutional rights with respect to his state criminal sentencing proceedings and his continued incarceration. He seeks monetary damages and injunctive relief.

Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted and on the basis of immunity. The Court also denies Plaintiff's

1

motion for appointment of counsel and concludes that an appeal cannot be taken in good faith.

**II.     Discussion**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

First, Plaintiff's claims against defense lawyers Earl Washington and Susan Meinberg are subject to dismissal because a public defender or court-appointed counsel, while acting in that capacity, is not a state actor subject to suit under § 1983. *See Polk Co. v. Dodson*, 454 U.S. 312,

325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Plaintiff's claims against the defendants Washington and Meinberg must therefore be dismissed.

Second, Plaintiff's complaint as to all defendants is subject to dismissal because he challenges his state court sentence and his continued imprisonment – which fails to state a claim upon which relief may be granted under § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89. *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Plaintiff were to prevail on the challenge to his state criminal sentence, the validity of his continued confinement would be called into question. Accordingly, such claims are barred by *Heck* and must be dismissed.

Lastly, Wayne County Circuit Court Judge Thomas Edward Jackson is entitled to absolute immunity in this action. Judges and judicial employees are entitled to absolute judicial immunity as to Plaintiff's claim for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 Fed. Appx. 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Allegations arising from Plaintiff's challenges to his state criminal proceedings involved the performance of judicial duties. Judge Jackson is absolutely immune from suit for such conduct and the claims against him must also be dismissed based upon immunity.

### III.    Conclusion

For the reasons stated, the Court concludes that defendants Washington and Meinberg are not state actors subject to suit under 42 U.S.C. § 1983, that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to all defendants, and that defendant Jackson is absolutely immune from suit under 42 U.S.C. § 1983. Accordingly, the

Court **DISMISSES** Plaintiff's civil rights complaint. Given this determination, the Court also **DENIES** Plaintiff's motion for appointment of counsel.

Lastly, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

Dated: December 20, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 20, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk